**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WESLEY CARROLL,** | : |
| **Plaintiff** | : |
| | : **CIVIL ACTION NO. 3:17-2170** |
| v. | : |
| | : **(Judge Mannion)** |
| **COMMONWEALTH OF** | : |
| **PENNSYLVANIA BOARD OF** | |
| **PROBATION AND PAROLE, et al.,** | : |
| **Defendants** | : |

**MEMORANDUM**

**I. Background**

Wesley Carroll, an inmate confined in the State Correctional Institution, Waymart, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the Pennsylvania Board of Probation and Parole and twenty-two current and former members of the Board. Id. Although Plaintiff's complaint is comprised of a twelve page rambling stream of consciousness, the potentially identifiable claims set forth in the complaint indicate that Plaintiff is attacking the duration of his current confinement, as well as challenging the Board's denial of parole. Id. For relief, in addition to release, Plaintiff seeks compensatory and punitive damages, as well as declaratory relief and injunctive relief. Id.

Presently before the Court is Defendants' motion to dismiss, filed on April

23, 2018. (Doc. 23). Although the Plaintiff has had more than ample time to file a brief in opposition to Defendants' motion, he has failed to oppose the motion. As such, the Court will grant Defendants' motion as unopposed.

## II. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly,

550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the

3

screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

### III. Discussion

#### A. Merits

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

With respect to Plaintiff's request for a parole hearing or to be released

from confinement[1], it is well-settled that prisoners cannot use §1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). Although a writ of habeas corpus is not explicitly raised in Plaintiff's filings, to the extent that Carroll seeks release, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his confinement under section 2254. 28 U.S.C. §2254. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of §1983." Preiser, 411 U.S. at 499 (determining that challenges to the fact or duration of physical confinement, or seeking an immediate or speedier release from that confinement is the heart of habeas corpus); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (holding, "when the challenge is to a condition of

---

[1]To the extent that Plaintiff seeks to be released on parole, the Constitution does not by itself give a convict a liberty interest in parole protected by the Fourteenth Amendment. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979); Thorpe v. Gillo 80 Fed. Appx. 215, 219 (3d Cir. 2003). While the states may create a liberty interest under the Fourteenth Amendment, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993). The Board has complete discretion to grant or deny parole, without constraint from any particularized substantive predicates. See 61 Pa. C.S.A. §331.21.

confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate"). Consequently, to the extent Plaintiff is seeking habeas relief pursuant to section 2254, his complaint will be dismissed without prejudice.

Moreover, with respect to Plaintiff's request for compensation for illegal confinement, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is appropriate to dismiss the claim for damages. Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment

is rendered invalid. See also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking §1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release); Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa. 2003).

Finally, with respect to Defendant, the Pennsylvania Board of Probation and Parole, the Supreme Court of the United States has recognized that a §1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). It has been similarly concluded by the Third Circuit that Pennsylvania's Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

### B. **Preliminary Injunction**

Also pending before the Court is Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, in which Plaintiff complains that SCI-Waymart staff has been "tampering with, holding, keeping, censoring,

opening, copying, etc, legal mails and others addressed to Plaintiff, causing him irreparable injuries." (Doc. 6). Thus, Plaintiff requests this Court to issue a temporary restraining order directing Defendants to cease such actions. Id.

"[I]t is well established that a court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint." Lee v. Lindsay, No. 06-1824, 2007 WL 1120562, at *1 (M.D. Pa. April 13, 2007) (citing Stewart v. United States Immigration and Naturalization Service, 762 F.2d 193, 198-199 (2d Cir. 1983)); see also First Health Grp. Corp. v. Nat'l Prescription Adm'rs, Inc., 155 F. Supp.2d 194, 233 n.10 (M.D. Pa. 2001) ("This Court will not award a preliminary injunction on grounds not raised in the complaint, as there is, by virtue of the absence of the issue from the complaint, no likelihood of success on the merits."). Here, Plaintiff's complaint is predicated on illegal confinement and an unlawful denial of parole. The request for preliminary injunctive relief, however, alleges incidents of mail tampering, unconnected to Plaintiff's claims of illegal confinement. As such, Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order (Doc. 6) will be denied.

## IV. <u>Leave to Amend</u>

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Based on the foregoing, the Court finds futility in allowing Plaintiff to amend his Complaint because, as discussed, the claims he raises are Heck barred and are not properly brought in a §1983 action, but rather must be pursued in a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

**V. Conclusion**

In light of the foregoing, Plaintiff's motion for preliminary injunction will be denied and Defendant's motion to dismiss the above captioned action will be granted. Plaintiff's action, filed pursuant to 42 U.S.C. §1983, will be **DISMISSED**, without prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*  
**MALACHY E. MANNION**  
**United States District Judge**

**Dated: June 26 , 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2170-01.wpd